**Tonni MCCULLEY, Plaintiff—
Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant—Appellee.**

No. 04–35158.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2005.*

Decided June 17, 2005.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument.

Rosemary B. Schurman, Esq., Law Office of Rosemary B. Schurman, Kirkland, WA, David B. Lowry, Esq., Law Offices of David B. Lowry, Portland, OR, for Plaintiff–Appellant.

David J. Burdett, Esq., Joanne Dantonio, Esq., Office of the General Counsel SSA, Brian C. Kipnis, Esq., Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: PREGERSON, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM **

Plaintiff Tonni McCulley appeals from the district court's order affirming the decision of the Commissioner of Social Security to deny her application for disability insurance benefits. We affirm.

■ 1. Substantial evidence supports the finding of the administrative law judge (ALJ) at Step 2 that hepatitis C, headaches, and depression were not severe impairments as of the date last insured, which was June 30, 1988. The ALJ per-

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

missibly resolved conflicts in the medical evidence to conclude that Plaintiff's only severe impairments as of that date were obesity and fatty liver. For instance, while Plaintiff said that she experienced headaches before 1988 she did not receive treatment for them until almost a year after her date last insured.

■ 2. Substantial evidence supports the ALJ's finding that Plaintiff's symptoms were not as severe as she, Dr. Johnson, and two lay witnesses asserted them to be. The ALJ concluded that the testimony exaggerated the symptoms that Plaintiff experienced during 1987 and 1988, mainly because of discrepancies between her memory and the medical records.

The ALJ noted that it would be hard for anyone to remember with certainty one's symptoms from 12 to 14 years earlier and that Plaintiff's more recent treatment for problems with memory, concentration, and confusion made her long-term memory even more unreliable. That is a permissible basis for a conclusion as to credibility. *Bunnell v. Sullivan,* 947 F.2d 341, 346 (9th Cir.1991) (en banc).

The medical records support the ALJ's assertion of inconsistency as well. For example, although Plaintiff testified about discomfort in her right side, by June 1988 Dr. Keefe reported that Plaintiff felt "quite well" with only "an occasional slight cramp in the right upper quadrant." Even when this pain recurred in 1989, after the crucial date, it was "mild."

As an additional example, the medical records suggest that Plaintiff's problems with nausea and vomiting were limited to isolated periods and were not present as of June 1988. By October 1987 Plaintiff reported that she had had no abdominal discomfort since about August 1987, and the medical records document no further problem until about July 1989.

With respect to fatigue, the ALJ noted that Plaintiff gave several inconsistent explanations for leaving her job in 1983. First she said that she left to have a baby. Then, before being prompted by her lawyer, she testified that she had not worked between 1983 and 1988 "[j]ust by choice.... I chose not to." Finally, she attributed her decision to fatigue. Also, the ALJ regarded Plaintiff's testimony as inconsistent with her activities, such as serving as primary caregiver for two young children (aged three and five in 1988) while her husband worked full-time. Again, the record supports this reason.

■ 3. The ALJ permissibly concluded that, as of the date last insured, Plaintiff could perform her past relevant work as a financial service technician. It is not disputed that Plaintiff's prior work was sedentary, and the ALJ permissibly assessed her limitations to find that she could sit, lift no more than 10 pounds, and walk and stand occasionally. The ALJ's failure to evaluate Plaintiff's abilities or the demands of her previous job function-by-function is not, on this record, significant. *See* S.S.R. 82–62 (describing adequate documentation of past work where those work demands "have a bearing on the medically established limitations").

AFFIRMED.